IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| ROMAN SONNY McCARTHY, | ) | Cause No. CV 10-48-BU-SEH-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS |
| STEVE ETTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

Mr. McCarthy's complaint alleges a widespread conspiracy acted against him during his December 2002 trial. The complaint is barred by applicable statutes of limitation. It should be dismissed with prejudice.

I. Status

On September 13, 2010, Plaintiff Roman McCarthy filed a complaint. The lengthy complaint (with voluminous attachments) purports to assert claims under 42 U.S.C. § 1983 and several other federal causes of action as well as state claims. (C.D. 2) Plaintiff is a

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

state prisoner proceeding pro se.  Jurisdiction lies under 28 U.S.C. § 1331.  Mr. McCarthy's motion to proceed in forma pauperis was granted by separate order.  (C.D. 4)

## II. REVIEW PER 28 U.S.C. § 1915(e)(2)

### A. Standard

As Mr. McCarthy is a prisoner proceeding in forma pauperis, his Complaint is subject to review under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Mr. McCarthy's complaint must be dismissed before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." §§ 1915A(b) & 1915(e)(2)(B).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by "[t]wo working principles." *Iqbal,* 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950.

  Complaints filed *pro se* must be liberally construed and must be held to less exacting standards than formal pleadings submitted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.") If a plaintiff attaches documents to their complaint, the court is not limited to the complaint and may consider these documents when determining whether the plaintiff can prove any set of facts in support of the claim. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Applying these principles to Mr. McCarthy's complaint requires dismissal.

  Although the statute requires a dismissal for the reasons stated, a

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

district court retains discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). No amendment could cure the defects in Mr. McCarthy's complaint.

### III. Statement of Case

#### a. Allegations

Mr. McCarthy alleges specific acts of individual wrongdoing and one or more conspiracies. (C.D. 2) These acts are alleged to have been set in motion by statements Mr. McCarthy made in 2001. *Id.* They culminated at his 2002 trial. *Id.* Specifically, he alleges the probation officers, prosecutors, prison guards, defense attorney, judge, attorney

general, and others connected to his December 2002 trial conspired to prevent him from attending the second day of his trial. *Id.* Mr. McCarthy purports to allege several separate causes of action, attempting to invoke 42 U.S.C. § 1983, 1985(3); 18 U.S.C. 241, 242, 645,1503, 1506, 1512; and the 6th Amendment of the U.S. Constitution. *Id.* at 1-2.

### b. Procedural History

Mr. McCarthy was convicted of intimidation in Gallatin County District Court and sentenced to serve 17 years without parole. Mr. McCarthy appealed his 2002 conviction to the Montana Supreme Court, which affirmed the District Court on November 12, 2004. *State v. McCarthy*, 101 P.3d 288 (Mont. 2004). Mr. McCarthy filed documents entitled "Notice of Appeal of the above named case to Federal Court" and "Order to Show Cause and TRO" in U.S. District Court, Great Falls Division on December 2 and 3, 2004. (CV 04-72, C.D. 4,5) U.S. Magistrate Judge Carolyn Ostby issued Findings and Recommendations denying Mr. McCarthy's "appeal" and motion for a temporary restraining order or preliminary injunction. The Recommendations

explained that a petition for writ of certiorari in the United States Supreme Court and/or a petition for post-conviction relief in state court followed by a writ of habeas corpus in U.S. District Court was the proper procedure to appeal his conviction. (CV 04-72, C.D. 7, p. 2-3) U.S. District Judge Sam Haddon adopted Judge Ostby's recommendation on January 24, 2005. (CV 04-72, C.D. 12)

Mr. McCarthy filed a civil complaint and motion to proceed IFP in U.S. District Court, Great Falls Division, on September 22, 2004. (CV 04-72, C.D. 1,2) Mr. McCarthy was permitted to amend his complaint by Judge Ostby's Findings and Recommendations on July 1, 2005. (*Id.*,C.D. 14) Mr. McCarthy's amended complaint alleged Gallatin County Detention Officers assaulted him the day before he was scheduled to testify during his December 2002 trial. (*Id.*, C.D.9, p. 3-5) Mr. McCarthy asserted Gallatin County prosecutors and at least one defense attorney conspired with the Gallatin County Detention Officers and Sheriff's Department to assault him and prevent his testimony. (*Id.*, p.1-3) Mr. McCarthy's conspiracy allegations were dismissed as Heck-barred (*Heck v. Humphrey*, 512 U.S. 477 (1994)) on September 29,

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

2005. (*Id.*, C.D. 20)

Mr. McCarthy's excessive force claims against Defendants Gallatin County Sheriff Jim Cashell, Jail Administrator Anita Shaw, and Gallatin County were dismissed on summary judgment on February 14, 2007. (*Id.*, C.D. 46) Mr. McCarthy's excessive force claim against Detention Officer Wick was dismissed for failure to exhaust administrative remedies. That dismissal occurred on August 13, 2007. (*Id.*, C.D. 77) Mr. McCarthy filed a Motion for Reconsideration and Notice of Appeal on August 27, 2007. (*Id.*, C.D.79,80) The Motion for Reconsideration was denied, but the Notice of Appeal was processed to the United States Court of Appeals for the Ninth Circuit. (*Id.*, C.D. 82) The Ninth Circuit affirmed. (*Id.*, C.D. 85; Memorandum No. 07-35805 D.C. No. CV-04-00072-MBU).

Mr. McCarthy filed his current complaint, also alleging a conspiracy to prevent his testimony at his 2002 trial, on September 13, 2010. (C.D. 2)

## IV. Analysis

Mr. McCarthy's complaint cannot survive the required 28 U.S.C. §

1915(e)(2) review because it is frivolous, fails to state a claim, and asserts claims against immune parties. The complaint is subject to several partial bars, including judicial immunity (*Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986)(en banc)), prosecutorial immunity (*Id.* at 960-962), res judicata (*Collins v. D.R. Horton, Inc.*, 505 F.3d 874 (9th Cir. 2007), and the Rooker-Feldman doctrine 28 U.S.C. § 1331, 28 U.S.C. § 1257; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Colombia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Noel v. Hall*, 341 F.3d 1148, 1154-55 (9th Cir. 2003). Mr. McCarthy's complaint and attachments leave no doubt that the applicable statutes of limitations bar all of his claims. His complaint in its entirety should be dismissed on statute of limitations grounds.

    The longest of the pertinent limitations periods for Mr. McCarthy's various claims is four years for a civil RICO claim. (C.D. 2, p. 7); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). Federal courts apply the forum state's personal injury statute of limitations for civil rights claims under § 1983. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Montana's personal injury

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 8

statute of limitations is three years. Mont. Code Ann. § 27-2-204. Since all of Mr. McCarthy's claims ripened at or soon after his December 2002 trial they are time-barred. They should be dismissed.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Complaint (C.D. 2) should be DISMISSED WITH PREJUDICE as time-barred.

2. The Clerk should be directed to enter judgment, by separate document, in favor of Defendants and against Plaintiff McCarthy.

3. The docket should reflect that McCarthy's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

4. The district court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within

fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Plaintiff must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this case without notice to him.

DATED this 25th day of October, 2010.

/s/ *Keith Strong*
Keith Strong
United States Magistrate Judge